```
                    UNITED STATES DISTRICT COURT
                     MIDDLE DISTRICT OF FLORIDA
                        FORT MYERS DIVISION
```

SUN COMMODITIES, INC. doing business
as Sun City Produce Co.,

                       Plaintiff,

vs.                                    Case No. 2:10-cv-754-FtM-29DNF

NAPLES FOOD CORP. doing business as
Bravo  International  Supermarket,
JOSE AZCONA,

                       Defendants.
_____

## **TEMPORARY RESTRAINING ORDER**

    This matter comes before the Court on Plaintiff's Motion for Temporary Restraining Order Without Notice and Memorandum of Law (Doc. #6) filed on December 16, 2010. Plaintiff seeks a temporary restraining order under the Perishable Agricultural Commodities Act of 1930 (PACA), 7 U.S.C. § 499e, Fed. R. Civ. P. 65(b) and M.D. Fla. L.R. 4.05. The Court has reviewed the motion and memorandum, as well as the Complaint (Doc. #1), the Declarations of Ira Bernhard, Anthony High, Robert E. Goldman and Lucy Bocio (Docs. ## 6-1; 6-2; 6-3; 7), and the Attorney Certification Why Notice Should Not Be Required Prior To Entry Of Temporary Restraining Order. (Doc. #9.)

    A temporary restraining order will be issued only if plaintiff demonstrates: (1) the likelihood of success on the merits of the claim; (2) the irreparable nature of the threatened injury and the reason that notice cannot be given; (3) the potential harm that

might be caused to the opposing parties or other if the order is issued; and (4) the public interest at stake, if any.  See M.D. Fla. L.R. 4.05(b)(4).  The Court finds that all requirements have been satisfied in this case.  Specifically, the Court finds:

   1.  Defendants purchased perishable agricultural commodities in the course of interstate commerce from plaintiff and failed to pay plaintiff sums due and owing in the approximate amount of $35,741.18, in violation of PACA.

   2.  By operation of law, 7 U.S.C. § 499(c)(2) creates a constructive trust in favor of a produce seller, such as plaintiff in this case, on the defendants' produce and produce-related assets until full payment is made to plaintiff.  Gargiulo v. G.M. Sales, Inc., 131 F.3d 995, 999 (11th Cir. 1997).

   3.  Plaintiff has presented sufficient evidence that defendants have either dissipated or threaten to dissipate the assets of the PACA trust, thereby causing plaintiff immediate and irreparable harm.  This evidence is sufficient to warrant the issuance of a temporary restraining order before defendants can be heard in opposition, and the dissipation will continue in the absence of a temporary restraining order without notice to defendant.

   4.  Plaintiff has presented sufficient evidence that defendants, by failing to make payment on a timely basis, are in breach of their duties as trustees, are depleting, diminishing and

depriving the PACA trust of fundamental value on an ongoing and continuous basis, and will continue to do so in the absence of a temporary restraining order without notice.

5. Plaintiff has presented sufficient evidence that a temporary restraining order must be granted without notice in order to restore the status quo as it existed prior to defendants' breach of the equitable rights of plaintiff. A temporary restraining order will preserve the status quo by ensuring that defendants maintain and preserve the trust assets such that they are freely available to satisfy claims of the PACA trust creditors, and no harm will be done to defendants or others by the entry of a temporary restraining order.

Accordingly, it is now

**ORDERED AND ADJUDGED** that:

1. Plaintiff's Motion for Temporary Restraining Order Without Notice and Memorandum of Law (Doc. #6) is **GRANTED** to the extent set forth below.

2. Attorney Certification Why Notice Should Not Be Required Prior To Entry Of Temporary Restraining Order (Doc. #9) is **GRANTED** to the extent that the temporary restraining order has been granted.

3. Defendant Naples Food Corp. d/b/a Bravo International Supermarket, and Jose Azcona, individually, their respective officers, employees, servants, subsidiaries, related companies,

agents, attorneys, assigns, and all other persons acting in concert or participation with defendants, who receive notice of this Temporary Restraining Order by actual service or otherwise, shall not use, alienate, dissipate, pay over, withdraw, sell or assign the Assets of the PACA Trust to any creditor, person or entity or otherwise dispose of these trust assets without order of this Court. "The Assets of the PACA Trust" are defined as, and shall include, all produce and inventories of produce, products derived therefrom, all proceeds and receivables from the sale of such produce, and all assets paid for in whole or in part by proceeds derived directly or indirectly from the sale of such produce.

4. Plaintiff shall serve a copy of this Temporary Restraining Order on defendants and file certificates of such service with the Court.

5. Defendants shall, immediately upon receipt of this Temporary Restraining Order, serve a copy of this Temporary Restraining Order on all financial institutions who may be holding Assets of the PACA Trust and file certificates of such service with the court.

6. No bond will be required to be posted by plaintiff.

7. This Temporary Restraining Order shall expire in **TEN (10) DAYS** absent further order of the Court.

8. A hearing on plaintiff's Motion for Preliminary Injunction (Doc. #10) will be scheduled by separate order after plaintiff

files the certificates of service of this Temporary Restraining Order on defendants.

**DONE AND ORDERED** at Fort Myers, Florida, this __16th__ day of December, 2010.

_/s/ John E. Steele_
JOHN E. STEELE
United States District Judge

Copies: Counsel of record